IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIAMOND ASSETS LLC,

                Plaintiff,

v.                                                    OPINION & ORDER

NOTE TECH INDUSTRIES, LLC, and REPAIR        17-cv-479-jdp
CENTER, LLC,

                Defendants.

---

Plaintiff Diamond Assets LLC runs a business accepting trade-ins and refurbishing Apple products. In 2015, it entered a "strategic alliance" with defendants Note Tech Industries, LLC, and Repair Center, LLC, doing business as Tech Defenders, to exchange mutual referrals for customers and send iPads to Tech Defenders for repairs. Dkt. 1, ¶ 36. The parties agreed not to use each other's confidential information for any other purpose. The alliance deteriorated, and Diamond now accuses Tech Defenders of misappropriating its trade secrets to enter the trade-in-and-refurbish market in direct competition with Diamond. Diamond alleges that in April, Tech Defenders undercut Diamond's bids with two school districts, costing Diamond over $830,000 in gross revenue.

Diamond alleges violations of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, the Wisconsin Trade Secrets Act, Wis. Stat. § 134.90, breach of contract, conversion, and tortious interference with advantageous business relationships. It seeks injunctive relief under Federal Rule of Civil Procedure 65. Dkt. 3 and Dkt. 4. Specifically, it wants a temporary restraining order and a preliminary injunction ordering Tech Defenders to (1) maintain the confidentiality of Diamond's trade secrets; (2) stop misappropriating Diamond's trade secrets;

(3) stop soliciting customers for and engaging in trade-in and refurbishment of Apple devices; and (4) return to Diamond within 15 days all documents, devices, and programs containing Diamond's trade secrets.

The court will deny Diamond's motion for a temporary restraining order and set a briefing schedule on its motion for a preliminary injunction. Diamond has not established that it will suffer immediate and irreparable injury before Tech Defenders responds to, and the court considers, Diamond's motion for a preliminary injunction. *See* Fed. R. Civ. P. 65(b) (authorizing issuance of a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). Diamond alleges that Tech Defenders "stole" two contracts from it in April—apparently, Diamond has not lost any more business to Tech Defenders since then. Diamond acknowledges that "damages from the loss of single bids may be calculated" (and therefore are not irreparable) but argues that Tech Defenders' continued misappropriation of Diamond's trade secrets will damage its customer goodwill and industry reputation. Dkt. 5, at 25. But there's no indication that irreparable damage will occur before the court considers Diamond's preliminary injunction motion. So the court will deny Diamond's motion for a temporary restraining order in favor of promptly addressing its motion for a preliminary injunction.

ORDER

IT IS ORDERED that:

1. Plaintiff Diamond Assets LLC's motion for a temporary restraining order, Dkt. 3, is DENIED.

2. Defendants Note Tech Industries, LLC, and Repair Center, LLC's response to plaintiff's motion for preliminary injunction, Dkt. 4, is due on July 12, 2017. The court will determine whether a hearing is necessary after reviewing the parties' submissions.

3. Plaintiff must immediately effect service of process, provide a copy of all materials relating to its motion for preliminary injunction, and promptly inform the court when service is complete.

Entered June 21, 2017.

                    BY THE COURT:

                    /s/
                    _____
                    JAMES D. PETERSON
                    District Judge