IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIAMOND ASSETS LLC,

    Plaintiff,

v.

NOTE TECH INDUSTRIES, LLC, and
REPAIR CENTER, LLC,

    Defendants.

OPINION & ORDER

17-cv-479-jdp

---

Plaintiff Diamond Assets LLC runs a business buying back and refurbishing Apple products. In 2015, it entered a "strategic alliance" with defendants Note Tech Industries, LLC, and Repair Center, LLC, to mutually exchange referrals for customers and send iPads to defendants for repairs. Dkt. 1, ¶ 36. The parties signed a non-disclosure agreement vowing not to use each other's confidential information for any other purpose. *See* Dkt. 1-1. The alliance deteriorated, and Diamond now accuses defendants of misappropriating its trade secrets to enter the buy-back market in direct competition with Diamond.[1] Diamond alleges that in April, defendants undercut Diamond's bids with two school districts, costing Diamond over $830,000 in gross revenue.

Diamond alleges violations of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, Wisconsin's Uniform Trade Secrets Act, Wis. Stat. § 134.90, breach of contract, conversion, and tortious interference with advantageous business relationships. It seeks preliminary

---

[1] The parties dispute whether defendants were already engaging in the buy-back business before entering the alliance with Diamond. *See* Dkt. 29, ¶ 8. The status quo may be a decisive point in some cases, but not here. So the court need not resolve this factual dispute at this time.

injunctive relief under Federal Rule of Civil Procedure 65. Dkt. 4. The court previously denied its motion for a temporary restraining order because it had not established that it would suffer immediate and irreparable injury before the court could rule on its motion for a preliminary injunction. Dkt. 11. The preliminary injunction motion is now fully briefed. The court will deny it for similar reasons.

A preliminary injunction is "an extraordinary and drastic remedy" that may be granted only when the movant carries the burden of persuasion by a "*clear showing*." *Boucher v. Sch. Bd.*, 134 F.3d 821, 823 (7th Cir. 1998) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain preliminary injunctive relief, Diamond must show that (1) it will suffer irreparable harm before the final resolution of its claims without the preliminary injunction; (2) traditional legal remedies are inadequate; and (3) its claims have some likelihood of success on the merits. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323-24 (7th Cir. 2015). If Diamond makes this threshold showing, it must further demonstrate that the balance of harms tips in its favor and that the public interest favors the injunction. *Id.* at 324. Even if the court assumes that Diamond can make the requisite showing of likely success on the merits, Diamond has not demonstrated that it will suffer irreparable harm absent the injunction.

Diamond contends that defendants' continued misappropriation of its trade secrets will damage its customer goodwill and industry reputation, resulting in irreparable harm. But the evidence it adduces doesn't support this contention. The parties agree that Diamond generates 75 percent of its annual revenue between May 15 and August 15. Dkt. 29, ¶ 70. Diamond filed this lawsuit on June 20 and alleged that defendants "stole" two contracts from it in April by using Diamond's trade secrets. (Defendants agree that they won two bids but deny using Diamond's trade secrets to do so.) Diamond concedes that lost contracts do not amount to

irreparable harm—those are lost profits that can be recovered through damages. *See In re Aimster Copyright Litig.*, 334 F.3d 643, 655 (7th Cir. 2003). Rather, it uses the two lost contracts to argue that irreparable harm will result from the "loss of market share, and the dramatic shift in Diamond's competitive position, that will result from defendants' entry into the market." Dkt. 5, at 25. But defendants entered the market over three months ago, the important summer season is almost at a close, and although Diamond has recently moved to add further evidence to the record, it does not indicate that defendants have undercut any more of its bids.[2] Apparently, Diamond will emerge from the summer season relatively unscathed. Diamond has simply not adduced any evidence that defendants' presence in the buy-back market will interfere with its customer goodwill and reputation any more than a run-of-the-mill competitor's presence would.

## ORDER

IT IS ORDERED that:

1. Plaintiff Diamond Assets LLC's motion for leave to file reply affidavit, Dkt. 30, is GRANTED.

2. Plaintiff's motion for a preliminary injunction, Dkt. 4, is DENIED.

Entered August 18, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

---

[2] The court will grant Diamond's motion, Dkt. 30.